# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL A. BENSON,<br><br>                                         Plaintiff,<br>vs.<br><br>ROSS DRESS 4 LESS; CRISTAL ARRENDONDO,<br><br>                                         Defendant. | CASE NO. 08cv192-LAB (AJB)<br><br>**ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

On January 31, 2008, Plaintiff filed his employment discrimination complaint against his former employer, Ross Dress 4 Less ("Ross"), and his former supervisor, Cristal Arrendondo. Along with his complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"), and a motion for appointment of counsel.

**I.   Motion for Leave to Proceed IFP**

Plaintiff's application to proceed IFP states he has no significant assets or sources of income. His most recent employment was with Defendant Ross, where he earned $8.50 per hour as a door agent. The application gives Plaintiff's last date of employment with Ross as January 11, 2008. The Court finds Plaintiff lacks the ability to pay the filing fee, and therefore **GRANTS** Plaintiff's motion for leave to proceed IFP.

/ / /

/ / /

**II.     Motion for Appointment of Counsel**

There is no Constitutional right to counsel in civil matters unless the indigent litigant is in danger of losing his physical liberty, *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981), which is not the case here. Under 28 U.S.C. § 1915, the Court may appoint counsel to represent an indigent civil litigant only in exceptional circumstances, which require the Court to consider both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). The motion for appointment of counsel gives 42 U.S.C. § 2000e(5)(f)(1) as the authority Plaintiff intends to rely on. However, as discussed below, it appears Plaintiff cannot yet maintain a claim under this provision. Furthermore, Plaintiff used a form which states a copy of his "right to sue" letter is attached; however, no such letter is attached.

At this stage of the proceedings, the Court is unable to assess the likelihood of success on the merits. As discussed below, Plaintiff may succeed in his claims under 42 U.S.C. § 1981, depending on what evidence he can offer.

On the face of the pleadings, Plaintiff is unlikely to succeed under either Title VII of the Civil Rights Act of 1970 (Title VII) or under the California Fair Employment and Housing Act (FEHA), because he has not indicated he received a "right to sue" letter from either the Equal Employment Opportunity Commission (EEOC) or the California Department of Fair Employment and Housing (DFEH). As part of his complaint, Plaintiff attached a copy of his complaint with the DFEH (also filed with the EEOC), dated December 4, 2007. It appears unlikely either agency has made its decision or issued a "right to sue" letter yet. Rather, he suggests he has abandoned his efforts to proceed with a remedy through the DFEH, through fear of making an error. (*See* Motion for Appointment of Counsel, ¶ 6.)

"In order to bring a Title VII claim in district court, a plaintiff must first exhaust [his or] her administrative remedies." *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) (citing 42 U.S.C. § 2000e-16(c)). Obtaining a "right to sue" letter is likewise a prerequisite to filing suit or obtaining judicial relief under California's FEHA. *Romano v. Rockwell Int'l,*

*Inc.*, 14 Cal.4th 479, 492 (1996) (requiring plaintiff to obtain "right to sue" letter before filing civil suit for employment discrimination); *Rojo v. Kliger,* 52 Cal.3d 65, 83 (1990) (noting prior holdings that "right to sue" letter was a prerequisite to judicial action in employment discrimination cases).

Concerning Plaintiff's ability to articulate his claims *pro se*, the Court takes into account Plaintiff's apparent decision to abandon charges he filed with the DFEH. (*See* Motion for Appointment of Counsel, ¶ 6 (stating he had made a mistake in attempting to pursue a remedy with the DFEH and adding that he considered it a waste of time and effort to attempt to rectify the matter).) Plaintiff's representations, however, merely indicate he is frustrated and uncomfortable representing himself, not that he cannot do so. As noted, Plaintiff used a form to request appointment of counsel, and apparently misunderstood its reference to a "right to sue" letter (described in the form as a "Notice-of-Right-to-Sue-Letter"). While Plaintiff is not required to file an administrative complaint or obtain a "right to sue" letter before bringing suit under 42 U.S.C. § 1981, it is apparent Plaintiff was unaware of the significance of the "right to sue" letter.

Even taking this into account, however, the Court finds Plaintiff can articulate his claims *pro se*. The facts and claims as Plaintiff alleges them are not particularly complex, and there is no reason to believe Plaintiff could not represent himself in this matter. The Court further notes Plaintiff has not sought private counsel to represent him on a contingency basis. (Motion for Appointment of Counsel, ¶¶ 4, 5.)

Plaintiff's motion for appointment of counsel is therefore **DENIED**.

### III. Mandatory Screening

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen complaints of plaintiffs proceeding IFP, and to dismiss his complaint to the extent it fails to state a claim. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.")

/ / /

The Court applies the same standard as for motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The Court therefore accepts as true all allegations of material fact and construes those facts in the light most favorable to Plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

As noted above, it appears Plaintiff has not exhausted his administrative remedies with respect to any Title VII or FEHA claim he might raise. Therefore, these claims will be dismissed without prejudice.

However, having reviewed the allegations, it appears Plaintiff has stated a claim under 42 U.S.C. § 1981. Plaintiff has alleged he performed his work equally as well as Hispanic employees in the same position, but that he was reprimanded for the same behavior and assigned to work fewer hours simply because he was African-American and the other employees were not. He seeks an award of back pay and damages. Where, as here, a plaintiff has alleged racial discrimination in employment, the same set of facts can give rise to a Title VII or § 1981 claim. *Miller v. Fairchild Industries, Inc.*, 885 F.2d 498, 503 (9th Cir. 1989). Analysis of § 1981 employment discrimination claims follows the same principles as are applicable in a Title VII action. *Metoyer v. Chassman*, 504 F.3d 919, 930 (9th Cir. 2007) (citation omitted). A supervisor, as well as an employer, may be liable under § 1981. *See id.* at 938 (denying motion for summary judgment by defendant, a supervisor alleged to have played a role in decision to terminate plaintiff's employment).

The Court therefore concludes Plaintiff's claims under 42 U.S.C. § 1981 survive the mandatory screening, but because it appears he has failed to exhaust his administrative remedies, his claims under Title VII and the FEHA do not. Plaintiff's Title VII and FEHA claims are therefore **DISMISSED WITHOUT PREJUDICE**.

/ / /

/ / /

Because Plaintiff is proceeding IFP, he is entitled to have his complaint and summons served by the U.S. Marshals Service. It is therefore **ORDERED**:

The United States Marshal shall serve a copy of the complaint, summons and this order granting Plaintiff leave to proceed IFP upon Defendants as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendants or counsel of Defendants and the date of service. Any paper submitted for filing which fails to include a Certificate of Service may be rejected.

If Plaintiff wishes to withdraw his complaint in order to pursue administrative remedies, he is directed to review Federal Rule of Civil Procedure 41(a).

**IT IS SO ORDERED**.

DATED: February 6, 2008

*/s/ Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge