1  GREGORY D. WOLFLICK, SB# 108699
   DAVID B. SIMPSON, SB# 106326
2  WOLFLICK & SIMPSON
   130 North Brand Boulevard
3      Suite 410
   Glendale, California  91203
4  Telephone:  (818) 243-8300
   Facsimile:   (818) 243-0122
5
   Attorneys for Defendants
6  ROSS DRESS FOR LESS, INC., and
   CRISTAL ARRENDONDO
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL A. BENSON, | CASE NO.: 08cv0192-LAB (AJB) |
| Plaintiff, | |
| vs. | **DEFENDANTS' ANSWER TO COMPLAINT** |
| ROSS DRESS 4 LESS; CRISTAL ARREDONDO, | |
| Defendants. | |

Defendant ROSS DRESS FOR LESS, INC. (erroneously sued herein as Ross Dress 4 Less), CRISTAL ARREDONDO, each for itself and herself, and for no other Defendant, hereby answer Plaintiff's *pro se* Complaint for Differential Treatment by admitting, denying and alleging as follows:

## PLAINTIFF'S ALLEGATIONS

Defendants, and each of them, deny each and every allegation of Plaintiff's pro se Complaint, and all documents referred to therein or attached thereto, and, without limiting the generality thereof, specifically deny that Plaintiff was subjected to any

1

"differential treatment" by Defendants or ever discriminated against by Defendants because of his race. Defendants further deny that Plaintiff was damaged in the manner alleged or in any manner whatsoever.

**FIRST AFFIRMATIVE DEFENSE**

1. The Complaint, and each and every cause of action alleged therein, is barred in whole or in part as to these answering Defendants, and each of them, for failure to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. Any recovery against Defendants, and each of them, under the Complaint, or any claim action alleged therein, is barred in whole or in part on the grounds that any challenged statements upon which liability is premised were expressions of opinion or other privileged or non-actionable matter, upon which liability cannot legally be based.

**THIRD AFFIRMATIVE DEFENSE**

3. Any recovery against Defendants, and each of them, under the Complaint, or any claim action alleged therein, is barred in whole or in part by the applicable statutes of limitations and/or by laches.

**FOURTH AFFIRMATIVE DEFENSE**

4. Any recovery against Defendants, and each of them, under the Complaint, or any claim action alleged therein, is barred in whole or in part by the failure of Plaintiff to mitigate his damages.

**FIFTH AFFIRMATIVE DEFENSE**

5. Any recovery against Defendants, and each of them, under the Complaint,

or any claim action alleged therein, is barred in whole or in part by Plaintiff's agreement to submit disputes to contractual arbitration, the right to which Defendants do not waive by this Answer.

### SIXTH AFFIRMATIVE DEFENSE

6. Any recovery against Defendants, and each of them, under the Complaint, or any claim action alleged therein, for economic damages or non-economic damages, or both, is barred in whole or in part by the comparative fault of Plaintiff and/or the comparative fault of other persons, known or unknown.

### SEVENTH AFFIRMATIVE DEFENSE

7. Any recovery against Defendants, and each of them, for punitive damages is barred in whole or in part by the governing provisions of the United States and California constitutions and any applicable provisions therein.

### EIGHTH AFFIRMATIVE DEFENSE

8. By his conduct, Plaintiff has waived any right to recover, in whole or in part, against Defendants, and each of them, under the Complaint, or any claim action alleged therein.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff is estopped by his conduct from recovering anything, in whole or in part, against Defendants, and each of them, under the Complaint, or any claim action alleged therein.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff is barred in whole or in part by his unclean hands from recovering, in whole or in part, against Defendants, and each of them, under the Complaint, or any

claim action alleged therein.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     Any recovery against Defendants, and each of them, under the Complaint, or any claim action alleged therein, is barred in whole or in part on the grounds that Plaintiff did not fully, properly, timely and/or legally perfect a right of action or exhaust required administrative remedies against Defendants, and each of them, under Title VII the California FEHA, and/or any other applicable State or Federal anti-discrimination statute.

### TWELFTH AFFIRMATIVE DEFENSE

12.     Any recovery against Defendants, and each of them, under the Complaint, or any claim action alleged therein, is barred in whole or in part by business necessity.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff is barred, in whole or in part, from any recovery against Defendants, and each of them, under the Complaint, or any claim action alleged therein, by his failure to fulfill and/or exhaust conditions precedent to any such recovery.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Any recovery against individual defendant Cristal Arredondo is barred on the grounds that said defendant is not a proper party to Plaintiff's Complaint, or any claim action alleged therein.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     Defendants, and each of them, reserve all other possible defenses and the right liberally to amend this Answer, to the fullest extent allowed by law.

1     WHEREFORE, these Answering Defendants, and each of them pray judgment
2 against Plaintiff as follows:

4   1.   That Plaintiff take nothing by his Complaint, and that said Complaint be
5       dismissed in its entirety, with prejudice;
6   2.   That judgment be entered in favor of these answering Defendants, and each
7       of the, against Plaintiff, on all claims alleged herein;
8   3.   That Defendants, and each of them, be awarded costs and/or reasonable
9       attorney's fees herein;
10  4.   That the Court award such other or further relief as it deems just and proper.

14                                             WOLFLICK & SIMPSON

17 DATED: March 8, 2008              BY:    */s/ David B. Simpson*
                                                                DAVID B. SIMPSON
                                                               Attorneys for Defendants
                                                               ROSS DRESS FOR LESS, INC., and
                                                               CRISTAL ARRENDONDO

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 130 North Brand Boulevard, Glendale, California 91203.

On March 12, 2008, I served the foregoing document described as: **DEFENDANTS' ANSWER TO COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Carl A. Benson (Pro Se)
4240 Felson Street
 # 23
San Diego, California 92104

XXX (BY MAIL) as follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit of mailing in affidavit.

\_\_\_ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee(s).

\_\_\_ (BY OVERNIGHT COURIER) I caused to be delivered via overnight courier to the offices of the addressee(s).

\_\_\_ (BY FACSIMILE) I faxed the above-document to the addressee at (310) 792-7459.

\_\_\_ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

XXX (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 12, 2008, at Glendale, California.

VILMA R. GOMEZ-ESPINOZA